UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STIVAN SINGH,

           Petitioner,

   v.

ALBERTO R. GONZALES, et al.,

           Respondents.

CASE NO. C06-892-RSM-MJB

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

On March 10, 2006, petitioner Stivan Singh, proceeding through counsel, filed a Petition for Writ of Habeas Corpus in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 2241, alleging that he is being held "indefinitely" by United States Immigration and Customs Enforcement ("ICE"), contrary to the mandate in *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).[1] (Dkt. #14, Part 4). Petitioner requests that he be released from custody due to the unlikelihood of his removal from the United States in the reasonably foreseeable future. On June 23, 2006, petitioner's

---

[1] Petitioner also appears to seek mandamus relief and relief under the Declaratory Judgment Act and All Writs Act. (Dkt. #14, Part 4 at 2).

REPORT AND RECOMMENDATION
PAGE – 1

habeas petition was transferred from the Northern District of California to this Court because petitioner is detained at the Northwest Detention Center in Tacoma, Washington. *See Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2724 (2004)(holding that the district of confinement is the proper venue for a petition for writ of habeas corpus under 28 U.S.C. § 2241). On July 31, 2006, respondents moved to dismiss, arguing that petitioner's detention is lawful and not "indefinite." (Dkt. #20).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #14, Part 4) be DENIED and that respondents' motion to dismiss (Dkt. #20) be GRANTED.

## II.  BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of India. On April 25, 1998, he entered the United States at Brownsville, Texas, without inspection. (Dkt. #14, Part 4, Ex. A). On June 8, 1998, petitioner filed an application for asylum, alleging that he faced a well-founded fear of persecution in India on account of his religion and/or political opinion. (Dkt. #15, Ex. A). On July 14, 1998, the former Immigration and Naturalization Service[2] ("INS") served petitioner with a Notice to Appear ("NTA"), placing petitioner in removal proceedings and charging petitioner with removability as an alien present in the United States without being admitted or paroled in violation of Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i). (Dkt. #15, Ex. C). On July 20, 1998, the INS denied petitioner's application for asylum. (Dkt. #15, Ex. B).

---

[2]Effective March 1, 2003, the Immigration and Naturalization Service was abolished pursuant to the Homeland Security Act of 2002, 116 Stat. 2135, Pub. L. 107-296, *codified at* 6 U.S.C. § § 101, *et seq.*, and its immigration functions were transferred to the Department of Homeland Security ("DHS").

REPORT AND RECOMMENDATION
PAGE – 2

In removal proceedings, petitioner admitted the factual allegations contained in the NTA and conceded removability, but renewed his application for asylum and withholding of removal. On April 16, 2001, following a hearing, an Immigration Judge ("IJ") denied petitioner's application for asylum and withholding of removal, and ordered petitioner removed to India. (Dkt. #15, Exs. S and T). Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). On December 23, 2002, the BIA affirmed, without opinion, the IJ's order of removal. (Dkt. #15, Ex. W). Thus, petitioner's order of removal became administratively final on December 23, 2002. On January 21, 2003, petitioner timely filed a Petition for Review in the Ninth Circuit Court of Appeals, which was dismissed for lack of jurisdiction on April 27, 2004. (Dkt. #15, Ex. X and Y). On July 9, 2004, the Ninth Circuit denied petitioner's petition for panel rehearing. (Dkt. #15, Ex. Z). The Ninth Circuit's mandate issued on July 19, 2004. (Dkt. #15, Ex. AA). On September 15, 2004, petitioner was placed into the Intensive Supervision and Appearance Program ("ISAP") in Portland, Oregon, pending the issuance of a travel document. (Dkt. #14, Part 5, Ex. H).

On February 11, 2005, petitioner was taken into ICE custody as a travel document had issued, facilitating his removal to India. (Dkt. #14, Part 5, Ex. H). On March 2, 2005, the day petitioner was scheduled to be removed to India, petitioner filed an emergency Petition for Writ of Habeas Corpus in the United States District Court for the Northern District of California, and an emergency stay of removal was granted. *Id.* On March 3, 2005, petitioner filed a motion to reopen with the BIA, alleging that he had received ineffective assistance of counsel during his removal proceedings. (Dkt. #24 at 6). On April 18, 2005, the BIA issued a decision denying petitioner's motion to reopen his removal proceedings. (Dkt. #15, Ex. CC). On May 2, 2005, petitioner filed a Petition for Review of the BIA's decision in the Ninth

REPORT AND RECOMMENDATION
PAGE – 3

Circuit. (Dkt. #15, Ex. DD). The Ninth Circuit issued an automatic stay of removal, and thereafter extended the stay *pendente lite*. On May 11, 2005, the U.S. District Court for the Northern District of California granted the parties' stipulation to dismiss the habeas petition based on the BIA's denial of petitioner's motion to reopen and petitioner's pending petition for review. Petitioner's petition for review is currently pending in the Ninth Circuit.

On March 10, 2006, petitioner filed the instant Petition for Writ of Habeas Corpus in the U.S. District Court for the Northern District of California, challenging the lawfulness of his continued detention. (Dkt. #14). On June 19, 2006, District Judge Jeffrey S. White signed a stipulated Order transferring the case to the Western District of Washington. (Dkt. #14). On July 31, 2006, respondents filed their return and motion to dismiss. (Dkt. #20). On September 6, 2006, petitioner filed his response. (Dkt. #24). On September 9, 2006, respondents filed a reply. (Dkt. #22). The habeas petition and motion to dismiss are now ready for review.

### III. DISCUSSION

A. Detention

Petitioner argues that he is being held indefinitely, in violation of *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), and that he must be released because there is no significant likelihood that he will be removed in the reasonably foreseeable future. (Dkt. #14, Part 4). Respondents argue that petitioner's reliance on *Zadvydas* is misplaced because his 90-day removal period under INA § 241(a)(1)(A) has not expired, and even if petitioner's removal period has expired, it is significantly likely that he will be removed in the reasonably foreseeable future. (Dkt. #20 at 8-9).

The post-removal-order detention statute, INA § 241(a)(1), 8 U.S.C. § 1231(a)(1), provides for the mandatory detention of aliens awaiting removal from the United States for an initial period of three months. This three months may be followed by an additional three months

REPORT AND RECOMMENDATION
PAGE – 4

discretionary detention during which detention remains presumptively valid. *Zadvydas*, 533 U.S. at 701. In *Zadvydas*, the Supreme Court explained that after this six-month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* The petitioner has the burden of coming forward with "good reason to believe there is no reasonable likelihood of removal in the reasonably foreseeable future." *Id*. If the petitioner meets this burden, the government must produce sufficient evidence to rebut petitioner's showing. *Id.*

Here, petitioner's claim that he is being held indefinitely in violation of *Zadvydas* lacks merit because he has not demonstrated that his removal to India is not significantly likely in the reasonably foreseeable future. *See Zadvydas* at 701. As indicated in the record, ICE has already obtained a travel document to India and the only thing preventing his removal is his Petition for Review and related stay of removal. Once the Ninth Circuit decides his appeal, ICE will remove or release petitioner. *See Bequir v. Clark*, Case No. 05-1587-RSM-JPD (Dkt. #23 at 3). Thus, contrary to the petitioner in *Zadvydas*, petitioner's detention is neither "indefinite" nor "potentially permanent." *Zadvydas*, 533 U.S. at 690-91. Accordingly, petitioner's detention complies with the mandate in *Zadvydas*.[3]

B. <u>8 C.F.R. § 241.4</u>

---

[3]Respondents also argue that *Zadvydas* is not applicable because "either the removal period has not yet begun – or else it has been stayed by operation of law upon the Ninth Circuit's issuance of a stay of removal *pendente lite*." (Dkt. #22 at 1). The Court disagrees. Petitioner's order of removal became administratively final on December 23, 2002, with the BIA's dismissal of his appeal. *See* INA § 101(47)(B), 8 U.S.C. § 1101(47)(B). The removal period was then stayed because the removal order was judicially reviewed and the Ninth Circuit issued a stay of removal. INA § 241(a)(1)(B)(ii). However, the Ninth Circuit dismissed the appeal per the mandate issued on July 19, 2004. Thus, the removal period began on July 19, 2004, the 90-day removal period expired on October 19, 2004, and the six-month presumptively reasonable removal period expired on January 19, 2005.

In his habeas petition, petitioner alleges in conclusory fashion that respondents arbitrarily denied his request for release from detention by "failing to consider all of the factors enumerated within the government's own regulation under 8 C.F.R. § 241.4," and by not providing him an "individual assessment." (Dkt. #14, Part 4 at 5). This claim fails because petitioner does not specify what factors respondents failed to consider or how they failed to give him an individual assessment.

## IV.  CONCLUSION

For the foregoing reasons, I recommend that respondent's motion to dismiss be granted, and that the action be dismissed with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 15th day of November, 2006.

MONICA J. BENTON
United States Magistrate Judge