UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STIVAN SINGH,

    Petitioner,

v.

ALBERTO R. GONZALES, et al.,

    Respondents.

CASE NO. C06-0892RSM

ORDER OF DISMISSAL

The Court, having reviewed petitioner's 28 U.S.C. § 2241 petition, all papers and exhibits in support and in opposition to that petition, the Report and Recommendation of the Honorable Monica J. Benton, United States Magistrate Judge, petitioner's Objections, respondents' response to the Objections, and the remaining record, does hereby find and ORDER:

(1) The Court ADOPTS the Report and Recommendation with the following additional comments. In his Objections, petitioner asks the Court to reject Judge Benton's R&R on the basis that she incorrectly determined that his removal is likely in the reasonably foreseeable future. Petitioner also asks the Court to reconsider the "cursory review" provided during his first custody review on August 3, 2005, and to direct respondents to provide him with his annual review as provided by the applicable regulations governing his custody. The Court addresses each of these arguments in turn.

Petitioner essentially argues that his detention is indefinite because there is no way to determine when the Ninth Circuit Court of Appeals will render a decision on his pending

ORDER
PAGE – 1

Petition for Review, and because the Bureau of Immigration and Customs Enforcement ("BICE") no longer has a valid travel document for him. Judge Benton rejected that argument, finding that the only thing preventing petitioner's removal is his own Petition for Review and that upon resolution of his Petition he will be removed or released. (Dkt. #25).

The Court agrees with Judge Benton that petitioner's removal is reasonably foreseeable. While petitioner's travel document expired on April 6, 2005, respondents note that it can be renewed upon final resolution of petitioner's case, and that such renewal is highly likely due to a pending criminal warrant in India. (Dkt. #32, Dec. Of Kathy Makaena at 5). Petitioner has not provided any evidence to the contrary. Moreover, petitioner holds the keys to his own release. As respondents have pointed out, he could end his detention immediately by accepting removal to India, where he could continue to litigate his Petition for Review. *See* INA § 242(b)(3)(B) (allowing for litigation of a Petition for Review from abroad).

The Court also finds petitioner's request for an annual review moot. It appears that such review has taken place. (Dkt. #32). Although it appears that petitioner may not have received proper notice of the review, there is no basis for this Court to Order one now that it has occurred. (*See* Dkt. #31). Furthermore, the Court finds that the annual review has set forth detailed reasons for continued detention, and therefore, there is no reason for this Court to reconsider the initial custody review that took place in August 2005.

(2) Petitioner's § 2241 petition is DENIED, and this action is DISMISSED with prejudice.

(3) The Clerk is directed to send copies of this Order to all counsel of record and to Judge Benton.

DATED this 11 day of December, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 2